No. 46,417

STATE OF KANSAS, *Appellee,* v. JOHN SAMUELS, *Appellant.*

(498 P. 2d 23)

Opinion filed June 10, 1972.

*Scott E. Jarvis,* of Topeka, argued the cause and was on the brief for appellant.

*Gene M. Olander,* county attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: The appellant, John Samuels, was convicted by a jury of robbery in the first degree in violation of K. S. A. 21-527 (repealed July 1, 1970), and sentenced to a term of not less than

ten nor more than twenty-one years in the Kansas State Penitentiary, Lansing, Kansas.

The facts are not in dispute and those pertinent to the disposition of this case may be summarized as follows: The appellant was charged on September 25, 1967, with first degree robbery and three counts of felonious assult. A warrant was issued the same day. Prior to being arrested in connection with those charges, the appellant was apprehended by federal authorities on another charge.

On October 11, 1967, the appellant was arraigned on the federal charges in the United States District Court in Topeka, and was at that time served with the warrant on the state charges involved in the case at bar. He was subsequently convicted of the federal charges and sentenced to confinement in the federal penitentiary in El Reno, Oklahoma. On January 11, 1968, the state of Kansas lodged a detainer against the appellant at El Reno on the state charges.

On August 21, 1969, the appellant filed in the magistrate court of Shawnee County, a pleading entitled "Petition for Dismissal," in which he alleged that his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution had been denied and that his constitutional rights had been violated, upon the theory that *Smith v. Hooey*, 393 U. S. 374, 21 L. Ed. 2d 607, 89 S Ct. 575, controlled. He contended the charges pending against him should be dismissed because the state failed to move promptly on the detainer lodged against him.

The record indicates the magistrate court considered the appellant's petition to be a motion for dismissal. The motion was continued until September 18, 1969, to permit the parties to file briefs, and on September 28, 1969, the motion was overruled.

Subsequently, the county attorney, considering the "Petition for Dismissal" to be a request for a trial made pursuant to K. S. A. 62-2903 (repealed July 1, 1970), had the case set down for trial on February 16, 1970. The district court convened for trial on that date, and considered anew the appellant's motion for dismissal. Upon the hearing of arguments and the evidence surrounding the appellant's contention that he was denied a speedy trial, the motion was again overruled.

On February 18, 1970, the appellant was found guilty by a jury of robbery in the first degree. A motion for new trial or

judgment notwithstanding the verdict was overruled on March 17, 1970, and he was sentenced by the district court on March 27, 1970—the effective date of the sentence was set at December 27, 1969. Thereafter on September 23, 1970, the appellant perfected this appeal.

The record does not indicate the appellant filed a Statement of Points as required by Supreme Court Rule No. 6 (*d*); however, his brief reflects as "Specifications for Error Relied Upon" that the magistrate court erred in overruling his "Petition for Dismissal" pursuant to K. S. A. 62-2901 *et seq.* (repealed July 1, 1970), upon the theory his right to a speedy trial, as determined by *Smith v. Hooey,* supra, has been denied.

The appellant places controlling significance upon the holding in *Hooey* and the provision of the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2903 [now K. S. A. 1971 Supp. 22-4301 *et seq.*]), and contends he was not brought to trial within 180 days required by the legislative definition of a speedy trial in that statute. This court has previously given recognition to the constitutional duty imposed by *Hooey* in *State v. Stanphill,* 206 Kan. 612, 481 P. 2d 998. In *Stanphill* it was said the Uniform Mandatory Disposition of Detainers Act was founded on legislative policy, as distinguished from constitutional grounds, and we refused to adopt the 180-day provision of that Act as the applicable standard to persons incarcerated in penal institutions outside the state. In the opinion it was said:

"*We must reject appellant's suggestion that the 180-day provision of the Uniform Mandatory Disposition of Detainers Act should be adopted as an arbitrary standard for determining whether his right to a speedy trial was violated. The constitutional duty imposed by Hooey requires the state, upon demand by the accused, to make a diligent, good-faith effort to bring him to trial without unreasonable delay.* Whether that duty has been fulfilled must be gauged by all the surrounding facts and circumstances in the particular case. Even then, the accused's rights are not violated unless he can show prejudice resulted from an unreasonable delay by the state after trial was demanded." (l. c. 616.) (Emphasis supplied.)

We adhere to our decision in *Stanphill,* and point out again that the Uniform Mandatory Disposition of Detainers Act imposes restraints upon the state for the speedy prosecution of persons confined in penal institutions in this state and is apart from those required by the Constitution of the United States as it applies to the speedy trial of persons confined outside of this state.

In *Stanphill* we rendered the constitutional guaranty announced in *Hooey* effective by adopting the judicial standard therein stated, and placed a constitutional duty upon the state in such cases to make a good-faith and diligent effort to bring the accused to trial without unreasonable delay once the accused has made demand. Whether the state has fulfilled its constitutional duty must be gauged by all the surrounding facts and circumstances on a case by case basis. If the accused can show prejudice resulting from an unreasonable delay by the state after demand is made, the infringement of that constitutional guaranty will require judicial relief.

The court has reviewed the record in the instant case and, under the facts and circumstances, it is clear the state made diligent and good-faith effort to bring the appellant to trial. To controvert that record, the appellant has only asserted prejudice because of an alleged delay. The delay in this case—from the filing of the demand to commencement of trial—was one day less than six months; in *Stanphill* the delay was eight months. In *State v. Brooks*, 206 Kan. 418, 479 P. 2d 893, another case involving allegations of a denial of the right to a speedy trial, the delay was eleven months. Considering our holdings in those cases, it is our opinion the appellant's constitutional rights have not been impaired. In addition, it must be noted this case does not present the characteristics of actual prejudice as found in *Dickey v. Florida*, 398 U. S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564. In short, we find nothing to indicate the state has violated the constitutional duty imposed, and conclude that neither the magistrate court nor the district court erred in overruling the appellant's motion to dismiss.

The judgment is affirmed.

PRAGER, J., not participating.