No. 47,280

STATE OF KANSAS, *Appellee*, v. DANNY L. SMITH, *Appellant*.

(523 P. 2d 691)

Opinion filed June 15, 1974.

*Harry L. Eddy*, of Wichita, argued the cause and was on the brief for the appellant.

*Larry Kirby*, assistant district attorney, argued the cause, and *Vern Miller*, attorney general, *Keith Sanborn*, district attorney, and *Stephen M. Joseph*, of counsel, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Danny L. Smith appeals from a judgment of con-

victions for aggravated robbery (K. S. A. 1973 Supp. 21-3427) and aggravated battery (K. S. A. 1973 Supp. 21-3414).

Appellant does not question the sufficiency of the evidence but a brief summary will be helpful. The charges arose from the armed robbery of a filling station attendant in Wichita, Kansas. The testimony of the victim and of a girl friend of the appellant, in whom he confided the night of the armed robbery, established the sordid details. The appellant and an accomplice waited around until 9:30 p. m. when the attendant was alone. The accomplice grabbed the attendant from behind and immobilized him by placing his arm behind his back. The appellant carried a gun, took the currency from the cash register and then marched his victim into the men's rest room. The victim was forced to kneel with his head over the toilet stool and the appellant shot him in the back of the head. The victim lived. After a period of hospitalization, retraining and recovery he was able to testify at the trial some eight months later.

Appellant's first point on appeal concerns an article appearing in the local newspaper during the trial, claimed to be inflammatory and prejudicial to the appellant. The article does not appear in the record before us. Reversible error is urged because the trial court refused to poll the jury during the trial to see if any juror read the newspaper article. The point is without merit.

A motion to inquire during trial is not a proper method to determine if members of a jury are aware of prejudicial articles published by a newspaper during the trial. (*State v. Potts*, 205 Kan. 42, Syl. ¶ 3, 468 P. 2d 74.)

Where the record on appeal, as here, fails to show that a single member of the jury was made aware of the publicity, when it does not appear the publicity was massive, pervasive or disruptive of the trial proceedings no trial error appears for there is no showing that defendant was deprived of a fair trail. (*State v. Eldridge*, 197 Kan. 694, Syl. ¶ 2, 421 P. 2d 170, cert. den. 389 U. S. 991, 19 L. Ed. 2d 483, 88 S. Ct. 486.)

Appellant next contends the trial court abused its discretion in permitting the prosecution to endorse the name of an additional witness on the information.

The right of the state to endorse the names of additional witnesses on the information prior to or during trial rests within the sound discretion of the trial court and its ruling will not be disturbed in the absence of a showing of abuse, the test being whether the

defendant's rights will be prejudiced. (*State v. Stafford,* 213 Kan. 152, Syl. ¶ 5, 515 P. 2d 769.)

In this case the witness was endorsed with leave of the court two weeks before trial. The witness was a girl friend of appellant in whom appellant confided the evening of the crime. The testimony was not readily discoverable or available to the prosecution. The witness had moved and was residing in the state of Arkansas. Opportunity was afforded the appellant's attorney to talk to the witness prior to trial. The witness was known to the appellant, her testimony did not change the theory of the state's case and we can see no prejudice in permitting such endorsement. See *State v. Robertson,* 203 Kan. 647, 455 P. 2d 570.

The appellant contends the evidence of probable cause introduced at the preliminary hearing was wholly insufficient to establish the crimes on which he was bound over for trial in the district court. The insufficiency alleged was that no evidence was introduced before the magistrate to establish the use of a deadly weapon. The victim was in the hospital and unable to testify and the girl friend's testimony had not been uncovered at that time. The elements necessary to raise the crime of battery to that of aggravated battery and to raise the crime of robbery to aggravated robbery are listed in the statutes in the alternative. The aggravation may be either by the use of a dangerous (deadly) weapon or by inflicting (great) bodily harm. (See K. S. A. 1973 Supp. 21-3414 and 21-3427.)

The evidence at the preliminary hearing established the "great bodily harm" required for aggravated battery and the required "bodily harm" inflicted during the robbery. The victim's blood was in the rest room, on the phone and near his unconscious body when it was discovered by the owner of the station shortly after the robbery occurred. It is not necessary to prove the use of a deadly weapon to establish probable cause for aggravated battery or aggravated robbery, proof of "great bodily harm" and "bodily harm" respectively is sufficient.

The nature and purpose of a preliminary hearing was declared in the case of *In re Mortimer,* 192 Kan. 164, 386 P. 2d 261, as follows:

· "A preliminary examination is not a trial of defendant's guilt; it is rather an inquiry whether the defendant should be held for trial." (Syl. ¶ 1.)

"The principal purpose of a preliminary examination of one accused of crime is to determine that a crime has been committed and to give him general information of the nature of the crime charged, and apprise him of the sort of

evidence he will be required to meet when he is subjected to a final prosecution in the district court." (Syl. ¶ 2.)

"In such an examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficient to support a conviction. It is enough if it is shown that the offense charged had been committed and there is probable cause to believe the defendant committed the offense." (Syl. ¶ 3.)

See also *State v. Pigg*, 80 Kan. 481, 103 Pac. 121, and K. S. A. 1973 Supp. 22-2901 and 22-2902.

Before July 1, 1970, the effective date of the Kansas code of criminal procedure, an accused was required to raise the question of the sufficiency of the preliminary examination prior to arraignment by a plea in abatement. (*State v. Cippola*, 202 Kan. 624, 628, 451 P. 2d 199, cert. den. 396 U. S. 967, 24 L. Ed. 2d 432, 90 S. Ct. 446.) If the sufficiency of the preliminary examination was not challenged by a timely plea in abatement, that question could not be raised on appeal. (*State v. McCarther*, 196 Kan. 665, 671, 414 P. 2d 59.) This rule served a salutary and legitimate purpose; it promoted "definiteness, fairness, and orderly procedure of criminal litigation." (*State v. McCarther*, supra, at p. 672.) If a timely plea in abatement was filed and overruled, the sufficiency of the preliminary examination could be reviewed on appeal. (*State v. Mc-Carther*, supra, at p. 672.) Review, however, was limited to those issues advanced by the plea.

The plea in abatement as a procedural device in criminal litigation was abolished by K. S. A. 1973 Supp. 22-3208 (1). Since July 1, 1970, the sufficiency of the preliminary examination may be challenged only by a motion to dismiss or to grant appropriate relief (K. S. A. 1973 Supp. 22-3208 [1]) filed no later than 20 days after arraignment (K. S. A. 1973 Supp. 22-3208 [4]). Failure to raise the question by such a motion constitutes a waiver and precludes review on appeal (K. S. A. 1973 Supp. 22-3208 [3]). Since the defendant filed the appropriate motion, the sufficiency of the preliminary examination may be reviewed on this appeal. Like the plea in abatement, however, review of the district court's order denying the motion to dismiss must be limited to the issues advanced by the motion. Issues not raised by the motion and, therefore, not presented to the district court, are deemed waived. The scope of review of the preliminary hearing on this appeal is therefore limited to the single issue raised by appellant's motion to dismiss, *i. e.*, failure to prove the use of a deadly or dangerous weapon, which issue we have previously examined and found wanting.

The final point raised by appellant relates to the question of a constitutional speedy trial, as distinguished from a statutory speedy trial. Trial was commenced well within the ninety days after arraignment as required by the statute, K. S. A. 1973 Supp. 22-3402.

The appellant's complaint is addressed to the lapse of time between arrest and the preliminary hearing. Appellant was arrested and taken before a magistrate on May 28, 1971. This was two days after the station attendant had been shot in the back of the head and at this time it could not be determined if the young man would die as a result of the injury inflicted during the robbery. In the event of death a murder charge would, no doubt, have been filed. The preliminary hearing date was set for June 2, 1971. At that time K. S. A. 1973 Supp. 22-2902 was in effect and provided:

"(1) Every person arrested on a warrant charging a felony or served with a summons charging a felony shall have a right to a preliminary examination before a magistrate, unless such warrant has been issued as a result of an indictment by a grand jury.

"(2) The preliminary examination shall be held before a magistrate of a county in which venue for the prosecution lies within ten days after the arrest or personal appearance of the defendant. Either the state or the defendant shall, upon request, be granted a continuance of not more than 15 days. Further continuances may· be granted only for good cause shown."

The former statute permitted successive adjournments of the hearing "not exceeding ten days at a time" at the discretion of the magistrate. (See K. S. A. 62-611 now repealed.) Successive adjournments of less than ten days each were granted the prosecution over objection by the appellant to July 28, 1971. The orders of the court do not state the "good cause" reasons for these continuances. However, we must presume that the trial court performed its duty in such regard, since the record bears no evidence, or indication, to the contrary. (*Walsh v. State*, 195 Kan. 527, 529, 407 P. 2d 516.)

On August 4, 1971, the appellant by his attorney moved the magistrate for an order certifying him to the district court of the county for the purpose of determining whether appellant was mentally competent to assist in his preliminary hearing. An order was thereafter entered by the district court committing appellant to the Larned State Security Hospital, Larned, Kansas, for psychiatric examination to determine if appellant was able "(*a*) to understand the nature and purpose of the proceedings against him; or (*b*) to make or assist in making his defense." Appellant was taken to the facility and remained there for sixty days. On his return he was found to be competent and his preliminary hearing was held on

November 15, 1971, five and one-half months after his arrest. He was bound over for trial the following day and trial was begun in the district court Janaury 17, 1972.

Appellant's argument on this point may be summarized by saying he would apply the statutory 90 day requirement after arraignment and before trial (K. S. A. 1973 Supp. 22-3402) to his arrest and preliminary hearing as a minimum requirement for speedy trial under Section 10 of the Bill of Rights, Constitution of the State of Kansas, and the Sixth Amendment to the Constitution of the United States. He concludes that the lapse of over ninety days between his arrest and the preliminary hearing deprived him of constitutional due process under the state and federal constitutions. This conclusion does not necessarily follow.

Much has been written on the requirements of a speedy trial as measured by the due process provisions of the state and federal constitutions. It should be kept in mind that the speedy trial requirement in K. S. A. 1973 Supp. 22-3402 is made conditional on the lapse of time between arraignment and trial, not on the lapse of time between arrest and preliminary hearing. It is pointed out in *State v. Stanphill*, 206 Kan. 612, 481 P. 2d 998:

"While the passage of the statutory period established in these legislative enactments must be treated as conclusive of undue delay if all other conditions are met, the constitutional right must be preserved and kept distinct in those situations not specifically covered by statute. Judge Skelly Wright, in his concurring opinion in *Nickens v. United States*, 323 F. 2d 808 (D. C. Cir. 1963), referred to delay in the criminal process before the filing of charges and said:

" 'The legislature is free to implement the constitutional right and to provide protections greater than the constitutional right. But the minimum right of the accused to speedy trial is preserved by the command of the Sixth Amendment, whatever the terms of the statute. And that minimum right is measured by a flexible standard which takes account of all the circumstances.' (p. 813.)" (p. 616.)

In *State v. Otero*, 210 Kan. 530, 502 P. 2d 763, it is said:

"A defendant's right to a [constitutional] speedy trial cannot be established by any fixed inflexible rule but is to be determined by the balancing of a number of factors in which the conduct of both prosecution and defendant is weighed." (Syl. ¶ 2.)

"The prejudice resulting to an accused from long delay in bringing criminal charges to trial is not limited to, but may be quite apart from that which impairs his ability to present his defense." (Syl. ¶ 3.)

In *State v. Hemminger*, 210 Kan. 587, 502 P. 2d 791, this court recognizes the four factors to be considered when a claim of denial

of constitutional right to a speedy trial is made. In *Hemminger* it is said:

"The recent case of *Barker v. Wingo,* 407 U. S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, more clearly defines the factors to be considered when a constitutional claim of denial of speedy trial is asserted. The high court in its opinion stated that such a claim is subject to a balancing test in which the conduct of both the prosecution and the defendant are to be weighed. Each case must be determined on its own merits. The four factors enumerated in *Barker* to be assessed by courts in determining whether a particular defendant has been denied his right to a speedy trial are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. The high court stated that none of these factors were to be given controlling weight. They must be considered together with all relevant circumstances. The demand-waiver doctrine was discredited as the controlling factor in such cases.

"Our cases of *State v. Stanphill,* 206 Kan. 612, 481 P. 2d 998; *State v. Brooks,* 206 Kan. 418, 479 P. 2d 893 and *State v. Samuels,* 209 Kan. 616, 498 P. 2d 23, are generally in accord with the federal case law in this area with the possible exception of our application of the demand-waiver doctrine. It is possible under the standards in *Barker* we have accorded too much weight in some cases to failure of the defendant to request a trial. However, it remains one of the four important factors to be considered." (p. 593.)

Considering these factors, the time span between arrest and conviction in this case covered slightly less than eight months. The nature of the crime charged was such that some delay could be justified by the state based upon the hospitalization of the victim, a key witness in the prosecution. The victim's testimony was important to establish either the appellant's guilt or innocence. In addition the time which elapsed between August 2, 1971, and November 15, 1971, was due in large part to appellant's own request to have his competency determined. The period spent under psychiatric evaluation at Larned State Security Hospital cannot be charged to the prosecution. There can be no question as to appellant's timely assertion of his constitutional right to a speedy trial. He objected to all continuances prior to his competency motion, objected at the beginning of the preliminary hearing and moved to dismiss at the time of his arraignment and again before the trial.

However, there is nothing in the record before us and nothing specific is argued in appellant's brief from which prejudice to the defendant can be found. Apparently, no witness became unavailable during this time. There was eye witness identification of the appellant at the scene of the crime supported by admissions against interest made by him to his girl friend the night of the crime. In

addition we were advised on oral argument that a release secured by *habeas corpus* proceedings during this time lapse would not have benefited appellant because federal detainers had been lodged against him on other charges and he would have, in any event, been subject to further incarceration at the hands of the federal authorities.

Appellant does not assert in what manner he was prejudiced or denied a fair trial. In light of the record before us after applying the balancing test enunciated in *Barker v. Wingo,* 407 U. S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, and recognized by this court in *State v. Hemminger,* supra, and *State v. Otero,* supra, we hold the appellant was not deprived of a speedy trial as measured by constitutional or by statutory provisions for due process.

The judgment is affirmed.