No. 47,714

STATE OF KANSAS, *Appellant,* v. TIMOTHY RAY FINK, *Appellee.*

(538 P. 2d 1390)

Opinion filed July 17, 1975.

*Margaret W. Jordan,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *J. J. B. Wigglesworth* and *David W. Hughes,* both assistant district attorneys, were with her on the brief for the appellant.

*Jerald R. Long,* of Long & Giffen, of Mission, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the state from an order granting the defendant's motion for dismissal of an information charging aggravated arson (K. S. A. 21-3719 [Weeks]).

At issue are the constitutional and statutory guarantees of a right to speedy trial.

On April 9, 1973, apartment building "L" of the Countryside Rentals, occupied by two females, was damaged by a fire set by some arsonist. On April 10, 1973, Timothy Fink (defendant-appellee) was arrested and charged by way of complaint with aggravated arson (K. S. A. 21-3719). That same day the defendant appeared before a magistrate who appointed counsel to represent him and set the preliminary hearing for April 17, 1973.

On April 17, 1973, the defendant appeared with his counsel and requested psychiatric services to assist in his defense pursuant to K. S. A. 22-4504 (Weeks). This motion was denied but the magistrate court, having reason to believe the defendant was incompetent to stand trial, suspended the proceedings and certified the case to the district court to determine the defendant's competency pursuant to K. S. A. 22-3302 (Weeks). The magistrate court stated a new preliminary hearing date would be set if the defendant was found competent and returned by the district court.

On April 18, 1973, the district judge appointed a medical commission consisting of two qualified physicians to examine the defendant. Although empowered to commit the defendant for 60 days for this examination, that did not occur. Instead, the defendant was released on bond the next day and at some point in time, which the record does not reflect, the defendant voluntarily committed himself at the Osawatomie State Hospital.

Two physicians examined the defendant on April 28, 1973, and filed their report on June 29, 1973.

At a July 11, 1973, hearing, based on the physicians' June 29, 1973, report and their letter dated July 6, 1973, the district court found the defendant was mentally competent to stand trial, and the case was remanded to the magistrate court for further proceedings. A letter reciting the district court's determination was sent to and filed by the clerk of the magistrate court on July 16, 1973, but a journal entry reflecting that determination was not filed until August 14, 1973.

On July 31, 1973, (fifteen days after the magistrate court clerk re-

ceived the district court's determination) a motion was filed by the state seeking an order setting the case for preliminary hearing. The record does not reflect a ruling on this motion.

No action was taken until November 12, 1973, when the magistrate court issued a bench warrant to secure the defendant's appearance. On November 14, 1973, the defendant appeared before the magistrate court and the preliminary hearing was set for November 27, 1973.

On November 21, 1973, the defendant moved to dismiss with prejudice all charges. On November 27, 1973, the magistrate court dismissed the action stating that by virtue of K. S. A. 22-2902 (Weeks) the defendant had a right to a preliminary hearing within fifteen days of July 11, 1973, and that right had been denied. The court stated the dismissal was *without prejudice*.

On November 30, 1973, the charge against the defendant was refiled in the magistrate court, closely followed by the defendant's second motion for dismissal, alleging the denial of due process because of the state's failure to provide a speedy trial and because of the state's refiling of identical charges after the first was dismissed. That motion was denied and a preliminary hearing was held on December 19, 1973, (some 254 days after defendant's arrest). The magistrate court bound the defendant over to appear for arraignment in the district court on or before January 9, 1974.

The state filed an information in district court on December 26, 1973, and on January 9, 1974, the defendant filed notice of his insanity defense. On February 7, 1974, the defendant moved to dismiss the charges.

The record indicates this motion and the case languished in the district court until June 5, 1974, when the district court dismissed the information and discharged the defendant due to the totality of the delay and the invasion of the defendant's constitutional rights.

Throughout these proceedings the defendant has been at liberty on bond.

Pursuant to K. S. A. 22-3602 (*a*) (Weeks) the state has perfected an appeal.

Both the Sixth Amendment to the United States Constitution and Section 10 to the Bill of Rights to the Kansas Constitution guarantee an accused the right to a speedy trial. This constitutional guarantee has been codified in various statutes. The United States Supreme Court has recently indicated approval of this practice by holding that the states "are free to prescribe a reasonable period consistent

with constitutional standards," *Barker v. Wingo,* 407 U. S. 514, 523, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

This court has similarly recognized legislative codification of speedy trial guarantees. In *Stark v. Dolack,* 216 Kan. 622, 533 P. 2d 1282, the court held:

".  .  . It is a well-established rule the Legislature may, within reason, define what is meant by the constitutional guarantee to a speedy trial, and has consistently done so.  .  .  ." (p. 633.)

After an arrest K. S. A. 22-2902 prescribes the time limitation for preliminary hearings as follows:

"(2) The preliminary examination shall be held before a magistrate of a county in which venue for the prosecution lies within ten days after the arrest or personal appearance of the defendant. Either the state or the defendant shall, upon request, be granted a continuance of not more than 15 days. Further continuances may be granted only for good cause shown."

After the preliminary hearing, if the defendant is bound over to the district court, K. S. A. 22-3206 (Weeks) controls. It reads in part:

"(1) A defendant charged with a felony in an information shall appear for arraignment upon such information in the district court not later than the next required day of court which occurs ten or more days after the order of the magistrate binding the defendant to appear in the district court for trial, unless a later time is requested or consented to by the defendant and approved by the court or unless continued by order of the court."

After arraignment a prompt trial must be held. K. S. A. 22-3402 (Weeks) provides the time limitations where, as here, the defendant is released on bond. It provides in part:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

With this statutory and constitutional framework in mind the state contends the court erred in dismissing the information because there was no showing of prejudice to the defendant, and time was within the 180 days of arraignment guaranteed by K. S. A. 22-3402 (2).

The defendant focuses on the totality of time involved in this case and contends the court did not err in dismissing the information because the totality of delay in this matter is such that constitutional rights have been invaded.

The defendant further contends the November 27, 1973, order

dismissing the complaint was a final order barring further prosecution under K. S. A. 21-3108 (Weeks), which provides:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

*     *     *     *     *

"(b) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution. . . ."

On the record here presented there is no inconsistent factual or legal proposition involved.

The applicable standard for jeopardy is enunciated in K. S. A. 21-3108 (1) (c):

". . . A defendant is in jeopardy when he is put on trial in a court of competent jurisdiction upon an indictment, information or complaint sufficient in form and substance to sustain a conviction, and in the case of trial by jury, when the jury has been impaneled and sworn, or where the case is tried to the court without a jury, when the court has begun to hear evidence."

Under the foregoing statutory test no jeopardy has here attached. Our law is clear that the mere pendency of an indictment, information, or complaint does not constitute jeopardy. (*Cox v. State*, 205 Kan. 867, 873, 473 P. 2d 106.) The dismissal or *nolle prosequi* of a criminal charge entered prior to the arraignment and trial of an accused is not a bar to a subsequent prosecution for the same offense. (*Kenreck v. State*, 198 Kan. 21, 24, 422 P. 2d 894 and authorities cited.) The same is true where a charge has been dismissed against a prisoner prior to the expiration of the time limitation, and a second information is filed. The time elapsing between the filing of the first information and the dismissal of the cause by the court is not to be counted in determining the time elapsed between the filing of the second information and trial. (*State v. Rowland*, 172 Kan. 224, 239 P. 2d 949, 30 A. L. R. 2d 455; *People v. Nelson*, 228 Cal. App. 2d 135, 39 Cal. Rptr. 238 [1964]; *State v. Rolax*, 3 Wn. App. 653, 479 P. 2d 158 [1970]; and *Montgomery v. State*, 4 Md. App. 473, 243 A. 2d 620 [1968], *cert. denied*, 395 U. S. 948, 23 L. Ed. 2d 466, 89 S. Ct. 2027 [1969]. See Annot., 50 A. L. R. 2d 943.) The charge is no longer pending against a prisoner, and therefore another indictment or complaint can be filed against him. (22A C. J. S., Criminal Law, § 468 [d], p. 36.)

These rules are not inconsistent with K. S. A. 22-2902 which contains no requirements for absolute discharge of a defendant in a criminal action when time limitations are not met. K. S. A. 22-3402 indicates an accused "shall be entitled to be discharged from fur-

ther liability to be tried" if not brought to trial within the appropriate time limit. A similar statute has been construed not merely to set a prisoner within its terms at liberty, but, in effect, to acquit him if he was not brought to trial within the time prescribed. (*In re Edwards, Petitioner*, 35 Kan. 99, 10 Pac. 539; *The State v. Dewey*, 73 Kan. 735, 85 Pac. 796, later appeal 73 Kan. 739, 88 Pac. 881; and *State v. Patterson*, 126 Kan. 770, 271 Pac. 390.)

Generally, dismissal of the charges is the only possible remedy for denying the defendant's constitutional right to a speedy trial. (*Strunk v. United States*, 412 U. S. 434, 37 L. Ed. 2d 56, 93 S. Ct. 2260 [1973].) However, a legislative enactment which does not expressly provide for discharge or dismissal, if not complied with, has been construed as merely directory. (22A C. J. S., Criminal Law, § 468 [*b*], p. 34; *In re Garner*, 134 Kan. 410, 5 P. 2d 821 [disapproved on other grounds in *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023]; *Baier v. State*, 197 Kan. 602, 419 P. 2d 865; and *State v. Wilson*, 198 Kan. 532, 426 P. 2d 288.) We conclude K. S. A. 22-2902 does not require the dismissal of subsequent charges and the discharge of the defendant, if a preliminary hearing is not provided within ten days. Rather, the right to a speedy trial is to be viewed from the totality of the facts and circumstances in a given case. (*State v. Otero*, 210 Kan. 530, 502 P. 2d 763; and *State v. Stanphill*, 206 Kan. 612, 481 P. 2d 998.)

While it would be possible to have many indictments, dismissals and refilings, the case at bar does not present that question. There is no justification to assume this holding would lead to an abuse of legal process.

Under our former statutes on preliminary examinations, K. S. A. 62-610 *et seq.* (repealed in 1970), it was held the guarantee of a speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination. (*Witt v. State*, 197 Kan. 363, 416 P. 2d 717; *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652; and *State v. Trotter*, 203 Kan. 31, 453 P. 2d 93.) A preliminary examination is not a trial of the defendant's guilt but an inquiry whether the defendant should be held for trial. (*In re Mortimer*, 192 Kan. 164, 386 P. 2d 261; and *State v. Smith*, 215 Kan. 34, 523 P. 2d 691.) However, the United States Supreme Court in *United States v. Marion*, 404 U. S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971) indicated:

". . . [I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to

answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." (p. 320.)

The doctrine of *res judicata* does not here bar a subsequent refiling of the dismissed complaint. Without extended discussion on this issue, it is sufficient to say arguments on *res judicata* have long been overshadowed in criminal law by the constitutional doctrine of double jeopardy. (Spring, *The Effect of Former Prosecutions; Something Old and Something New Under Kan. Stat. Ann.,* Sec. 21-3108, 9 Washburn L. J. 179, 187 [1970].)

Indeed, our statutes impliedly provide for a second prosecution in K. S. A. 21-3106 (3) (*d*) (Weeks). To hold once a complaint is filed, where the accused is not given a preliminary hearing within ten days, that a second complaint cannot be filed would nullify the statute of limitations. (See, *State v. Royal,* 217 Kan. 197, 535 P. 2d 413.) This clearly was not the intention of the legislature in 22-2902, *supra.*

Has the defendant been denied his right to a speedy trial? The record indicates the arraignment was held sometime between December 26, 1973, and January 16, 1974, but the exact date is not shown. Assuming December 26, 1973, was the arraignment date, the defendant's 180 days for trial under 22-3402, *supra,* had not been exceeded on June 5, 1974, when the trial court dismissed the information. The state's appeal to this court on June 14, 1974, tolled the running of 22-3402, *supra.* (See, K. S. A. 22-3604 [Weeks].) Therefore, no legislative enactment entitling the defendant to a speedy trial has been violated.

Only if the totality of the delay is violative of the defendant's right to a speedy trial can the trial court be upheld. The United States Supreme Court in *Barker v. Wingo,* supra, comprehensibly undertakes to define the constitutional right to a speedy trial. There the court recognized more than one criterion for determining whether an accused has been deprived of or has been accorded a speedy trial. It stated:

". . . We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

✻ ✻ ✻ ✻ ✻

"We regard none of these four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered to-

gether with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." (pp. 530, 533.)

Kansas adopted the *Barker* test vis-a-vis the right to speedy trial in *State v. Otero,* supra, and has followed its guidance in more recent cases. (*State v. Smith,* supra; and *State v. Dolack,* supra.)

In the present case the totality of the delay from first arrest to this appeal encompasses some fourteen months. Generally, no violation can be proven solely by reference to periods of time. (*United States v. Bandy,* 269 F. Supp. 969, 970 [D. N. D. 1967], *cert. denied,* 390 U. S. 912, 19 L. Ed. 2d 883, 88 S. Ct. 831 [1968]; 393 U. S. 1004, 21 L. Ed. 2d 469, 89 S. Ct. 494 [1968]; and *Short v. Cardwell,* 444 F. 2d 1368 [6th Cir. 1971].) Rather, *Barker* indicates the length of delay is to some extent a triggering mechanism. There a five-year delay between arrest and trial was not violative of constitutional rights.

There is some authority that pre-indictment delay is not applicable to speedy trial rights, unless it impairs the defense of the accused. (See, *United States v. Smith,* 487 F. 2d 175 [5th Cir. 1973], *cert. denied,* 419 U. S. 846, 42 L. Ed. 2d 75, 95 S. Ct. 82 [1974], where a delay of three and one-half years between the time the defendant came into federal custody and the time he was indicted, part of which was due to defendant's having pleaded insanity, resulted in no actual prejudice.) But this view has been criticized. (Note, 8 Ind. Law Review, 414, 420 [1974].)

Cases have recognized that delays greater than fourteen months are not *per se* constitutionally infirm. (*United States ex rel. Walker v. Henderson,* 492 F. 2d 1311 [2nd Cir. 1974] [fifteen-month delay], *cert. denied,* 417 U. S. 972, 41 L. Ed. 2d 1144, 94 S. Ct. 3179 [1974]; *United States v. Reynolds,* 489 F. 2d 4 [6th Cir. 1973] [22-months delay], *cert. denied,* 416 U. S. 988, 40 L. Ed. 2d 766, 94 S. Ct. 2395; *United States v. Key,* 458 F. 2d 1189 [10th Cir. 1972] [two year delay], *cert. denied,* 408 U. S. 927, 33 L. Ed. 2d 339, 92 S. Ct. 2510 [1972]; and *United States v. Shepherd,* 511 F. 2d 119 [5th Cir. 1975] [21-months delay].) However, time alone is not determinative.

The reason for the delay must also be considered. This factor was discussed in *Barker* as follows:

". . . [D]ifferent weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be

weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. . . ." (p. 531.)

Cases considering the "more neutral" reasons for delay have tended not to weigh these very heavily against the prosecution. (*United States v. Toy*, 482 F. 2d 741 [D. C. C. 1973] [fifteen-months delay for "institutional reasons"]; *United States v. Cabral*, 475 F. 2d 715 [1st Cir. 1973] [fifteen-months delay because of "government neglect"]; and *United States v. Shepherd*, supra, [21-months delay from courts inaction].)

Here the prosecution does not offer a satisfactory explanation for the delay. Time spent in this case up to the first preliminary hearing and part of the later delay was related to the defendant's competency examination, all of which has a bearing on his asserted defense of insanity. Where the state makes a proper record on delays occasioned by a determination of the accused's competency to stand trial, the state is not charged with such delay in determining whether the accused was afforded a speedy trial. (*State v. Powell*, 215 Kan. 624, 527 P. 2d 1063; and see *State v. Stanley*, 179 Kan. 613, 296 P. 2d 1088, *cert. denied*, 352 U. S. 851, 1 L. Ed. 2d 62, 77 S. Ct. 73; *United States v. Davis*, 365 F. 2d 251 [6th Cir. 1966]; and Annot., 57 A. L. R. 2d 302, [Waiver of Speedy Trial].) Here the record does not indicate the delay has been caused by the state to hamper the defendant or for some other questionable purpose. (See *United States v. Marion*, supra.)

The state erroneously contends the reason for the delay is that the defendant did not appear before the magistrate. A defendant has no duty to bring himself to trial; the state has that duty. (*Barker v. Wingo*, supra at p. 527; *State v. Sanders*, supra; and *State v. Higby*, 210 Kan. 554, 502 P. 2d 740.)

The assertion of the right to a speedy trial must also be considered. This factor was discussed in *Barker* as follows:

". . . Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. . . ." (p. 531.)

Thus, while defendant's failure to assert his speedy trial right is not a *reason* for delay, it is a factor to consider in determining

prejudice. (See, *United States v. Macino,* 486 F. 2d 750 [7th Cir. 1973].)

Here the record discloses no objection on the defendant's part toward initiating the trial proceedings. Only when preliminary hearings were held did defendant object to their untimeliness. On the facts in this case the failure of the defendant to assert his speedy trial right is not entitled to the weight and consideration given this factor in *State v. Hemminger,* 210 Kan. 587, 502 P. 2d 791. (See also, *United States v. Gibson,* 513 F. 2d 978 [6th Cir. 1975].)

A fourth factor to consider is prejudice to the defendant. This factor was discussed in *Barker* as follows:

". . . Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (*i*) to prevent oppressive pretrial incarceration; (*ii*) to minimize anxiety and concern of the accused; and (*iii*) to limit the possibility that the defense will be impaired. . . ." (p. 532.)

The defendant here does not claim any prejudice. He was released on bond. In *Moore v. Arizona,* 414 U. S. 25, 38 L. Ed. 2d 183, 94 S. Ct. 188 (1973), the United States Supreme Court "expressly rejected the motion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial." However, in the absence of such demonstration, this court is left with a delay which for speedy trial purposes does not exceed 180 days from arraignment, a test established by the legislature. Where our legislative enactments have specifically required action within a given time limit, this court has been quick to grant relief. (*State v. Goetz,* 187 Kan. 117, 353 P. 2d 816 and *State v. Sanders,* supra.)

On the record here presented we cannot say the defendant has been prejudiced. His asserted defense is insanity at the time of the commission of the offense. Much of the delay encountered in this case was either directly or indirectly occasioned by the defendant through his counsel in an attempt to establish his asserted defense. (*State v. Smith,* 215 Kan. 34, 523 P. 2d 691.)

After considering the length and reason for the delay in the trial of the defendant, the lack of demand for trial and the lack of prejudice claimed by the defendant, we conclude the defendant has not been denied his constitutional right to a speedy trial.

The judgment of the lower court is reversed with directions to proceed with trial.

Fromme, J., not participating.