No. 47,835

STATE OF KANSAS, *Appellee*, v. JERROLD EUGENE HENRY, *Appellant*.

(548 P. 2d 808)

Opinion filed April 10, 1976.

J. *Paul Maurin, III,* of Maurin, McCamish and Vader, of Kansas City, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Nick A. Tomasic,* district attorney, and *Dennis L. Harris,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* The defendant has appealed from a conviction for aggravated battery by shooting the victim in the head during a verbal altercation late at night. The altercation was triggered by a near impact between the victim's automobile and a group of five young male pedestrians, of whom the defendant was one, who were crossing the street at an intersection.

The case on review can be disposed of without a narration of the evidence as it appears in the appellate record. At the trial the basic issues were criminal intent and self-defense. The appellant's seven specifications of error will be disposed of in the order of their importance.

Was the defendant denied his constitutional right to counsel because of the incompetence of the attorney who represented him at the second trial? The factors relied upon as proof of incompetence are that the lawyer could not have given adequate representation because he had not participated in the preliminary hearing, or in the first trial, or in the pretrial conference prior to the first trial; that he had only a month to prepare the defense; that he did not object to the introduction of an exhibit; that he failed to call a defense witness; and in a trial colloquy the defendant was made to appear ignorant and stupid in front of the jury. The record shows that none of these assigned reasons or all combined are sufficient to establish incompetence as defined in *Winter v. State,* 210 Kan. 597, 502 P. 2d 733.

Did the district attorney systematically and purposely exclude black jurors so that defendant, a black man, was denied his constitutional right to be tried by a jury of his peers? The trial was to an

all-white jury and it appears that peremptory challenges resulted in removing the black members from the panel. The record fails to show any such conduct which invades any constitutional or other right of the defendant. Something more must appear to support the claim beyond the mere fact that no black venireman survived the peremptory challenges. The fact that the state by exercise of peremptory challenges has excluded all members of a race or class from the jury does not alone deprive the accused of his right to a fair trial. (*State v. King,* [47,989] 219 Kan. 508, 548, P. 2d 803.) A nearly identical contention was resolved against a defendant in *State v. Walker,* 217 Kan. 186, 535 P. 2d 924, where it was said:

"The defendant in a criminal action is not necessarily entitled to be tried by a jury with even a single member of his race thereon. (*State v. Reed,* 214 Kan. 562, 520 P. 2d 1314; *State v. Clift,* 202 Kan. 512, 449 P. 2d 1006, cert. den. 396 U. S. 910, 24 L. Ed. 2d 186, 90 S. Ct. 225; and *Lee v. State,* 204 Kan. 361, 461 P. 2d 743.) Furthermore, systematic or purposeful exclusion of members of a race from jury service may not merely be assumed or asserted—it must be established by proof. . . ." (p. 190.)

Was the defendant denied a speedy trial? Appellant's contention is without merit. The second trial commenced on April 15, 1974, after the first trial had resulted in a hung jury on November 15, 1973, well within the 180 days prescribed by K. S. A. 22-3402 (4). Appellant does not claim that the statute was not complied with but challenges the constitutionality of the statute on the ground that the 180-day period is unconscionably long as applied to the period after there has been a mistrial. The claim is without merit. Present are none of the essential factors of undue delay, defendant's timely assertion of his right, or prejudice to defendant as specified in *State v. Smith,* 215 Kan. 34, 523 P. 2d 691. Furthermore, the question was not raised in the district court and cannot be heard initially on review. (*State v. Estes,* 216 Kan. 382, 532 P. 2d 1283.)

Was there failure by the state to disclose the existence of an exculpatory statement in the state's possession? No, on the contrary the state did disclose the fact of the statement at the pretrial conference to counsel representing the defendant at the time. The record on pretrial conference is incorporated in the appellate record. Its purpose was for "discovery by the defendant." After specifically disclosing the fact of the statement the state agreed to show its file to defendant's counsel. This is all the state was required to do. It had no obligation to pursue later counsel for defendant and hand

him a copy of the statement the existence of which was already disclosed and availability of which was assured. Presumably trial counsel knew of and read the statement, and for reasons of his own elected not to call the witness. The statement itself is in the record and in any event no prejudice is apparent from any irregularities in this regard. Here again, this point was not raised in the district court and is presented here for the first time.

Appellant also claims that defects in the preliminary prosecution procedures deprived him of due process. The circumstances are as follows: Complaint was first filed with the magistrate on December 29, 1972. Defendant was arrested and produced in court on January 3, 1973, when hearing was set for January 11. The hearing was continued at the request of the state to February 1 because the complaining witness was in the hospital recovering from brain surgery. On February 1, the state still not being able to produce the complaining witness, dismissed the complaint "without prejudice." The defendant was free on bond all this time. On March 21, 1973, the state refiled the complaint. Hearing was scheduled for March 29. There was one continuance by agreement and preliminary hearing was held on April 19, 1973. The defendant was bound over to the district court for trial.

While appellant points out time irregularities in continuances under K. S. A. 22-2902 (2) his main argument is that the complaint could not constitutionally be refiled without a showing by the state of newly discovered evidence. He concedes that our decisions in *State v. Bloomer,* 197 Kan. 668, 421 P. 2d 58; and *State v. Jones,* 16 Kan. 608, are against his position, and urges that we overrule those decisions. In *Bloomer* we said:

"The object of a preliminary examination is not to determine guilt or innocence of the crime charged. The examining magistrate has no power to acquit but only the power to discharge from custody. Such discharge is not a bar to another examination. . . ." (p. 671.)

We disagree with appellant's argument and hold against his position. But, aside from its merits, there is another reason why appellant's claim cannot be upheld. K. S. A. 22-3208 (3) provides that defenses based on defects in the institution of the prosecution or in the complaint, information or indictment, other than it fails to show jurisdiction or to charge a crime, *may be raised only by motion before trial.* No such motion was made before trial or at any other stage of the proceedings prior to the appeal to this court. Failure to raise the question by timely motion constitutes a waiver. The

reasoning of our decision in *State v. Smith*, supra, is applicable here.

Was the verdict supported by the evidence? An examination of the evidence in the record shows that there was unimpeached testimony from which the jury could conclude beyond a reasonable doubt that the shooting of the victim in the head with a .22 caliber revolver was with criminal intent and not in self-defense. There was testimony by defense witnesses supporting defendant's version of the affair. The weight of the evidence and the issue of reasonable doubt are for the jury and this court, on the record, cannot disturb the verdict.

Appellant's last point (first in his statement of points) is that a diagram, drawn by a police officer, depicting the position of the complaining witness's automobile after the shooting, was improperly admitted in evidence. Contrary to appellant's contentions the record shows that there was sufficient foundation testimony, that the exhibit was relevant and properly received in evidence. Furthermore, it was received without objection by defendant's counsel.

The judgment of the district court is affirmed.