(594 P.2d 262)

No. 50,176

STATE OF KANSAS, *Appellee,* v. LEONARD W. TAYLOR, *Appellant.*

Opinion filed May 4, 1979.

*Max Rowinsky,* assistant public defender, of Topeka, for appellant.

*Gene M. Olander,* district attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before ABBOTT, P.J., REES and MEYER, JJ.

REES, J.: Defendant appeals from his conviction of aggravated assault (K.S.A. 21-3410), a felony.

Defendant had been employed by the Kansas Department of Human Resources. He was terminated effective August 31, 1977. On September 19, 1977, he visited his former supervisor, Gabriel Faimon. Faimon testified that defendant asked for his last paycheck and when informed it would not be available until the end of the month, defendant pulled a butcher knife out of a bag he was carrying and made a thrust at Faimon. An investigating

officer testified that defendant's explanation of his conduct was that while visiting Faimon, defendant took out his fourteen-inch-long fingernail cleaner and Faimon became upset. The defendant told the officer that he had no intention of harming Faimon and after they had talked, he left the office. Defendant did not testify and presented no evidence.

Defendant first contends the court erred in failing to dismiss the charges pursuant to K.S.A. 1978 Supp. 22-3402(1), which provides:

"If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court . . . ."

The incident occurred on September 19, 1977. A complaint was filed on September 21 and defendant was arrested. On September 22, defendant appeared before an associate district judge. The appearance docket reflects the following entry for that date:

"Defendant formally arraigned, advised of right to counsel and trial/preliminary hearing. Bond set at $2,500 with_____surety. Committed in default of $2,500 w/s bond. Public defenders appointed and notified."

On September 28, defense counsel filed a motion to determine competency which was granted the next day. Defendant was seen by a psychiatrist on two occasions, the last being on October 4, and found competent to stand trial. The date the psychiatrist's report was filed is not indicated in the record.

Thereafter nothing happened until December 21, when defendant moved to dismiss pursuant to K.S.A. 1978 Supp. 22-3402. On January 4, 1978, the court overruled the motion to dismiss and set the case for preliminary hearing on January 13; the preliminary hearing was held; defendant was bound over for trial; and an information was filed on January 18. On January 27, defendant was arraigned and the following entry was made in the appearance docket:

"Def appears in person and by Joseph Johnson, Pub Def; state appears by Gene Olander, DA. Thereupon def formally arraigned & stands mute. The Court enters a plea of not guilty for def. . . . Def remanded to custody in absence of bond."

On March 20, defendant was tried and found guilty.

The issue, as framed by the parties, is whether defendant's first appearance on September 22, 1977, before an associate district judge constituted his "arraignment" within the meaning of K.S.A. 1978 Supp. 22-3402 so as to start the running of the ninety (90) day period within which trial is required.

A review of the procedural statutes may be helpful. A prosecution is commenced by filing a complaint, indictment or information. K.S.A. 1978 Supp. 22-2301; K.S.A. 22-2303; K.S.A. 1978 Supp. 22-3201. When commenced, as here, by complaint, a warrant is issued upon a magistrate's determination that there is probable cause to believe both that a crime has been committed and that defendant committed it. K.S.A. 22-2302. A "magistrate" is an officer having power to issue a warrant for the arrest of a person charged with a crime and includes the judges of the district court. K.S.A. 1978 Supp. 22-2202(12). When an arrest is made in the county where the crime charged is alleged to have been committed, the person arrested is to be taken without unnecessary delay before a magistrate of the court from which the warrant was issued. K.S.A. 22-2901(1). This is commonly known as the "first appearance." Every person arrested on a warrant charging a felony then has the right to a preliminary hearing examination, or preliminary hearing, before a magistrate. If from the evidence the magistrate determines that a felony has been committed and there is probable cause to believe that defendant committed it, the defendant is bound over to the district judge or associate district judge having jurisdiction to try the case. Any judge of the district court may conduct the preliminary hearing and a district judge or associate district judge may thereafter preside at trial even though such judge presided at the preliminary hearing. K.S.A. 1978 Supp. 22-2202(14); K.S.A. 1978 Supp. 22-2902. When the defendant is bound over for trial, the prosecutor files an information charging the crime for which defendant was bound over. K.S.A. 1978 Supp. 22-2905(1). The defendant is then arraigned, not later than the next required day of court which occurs ten or more days after the order of the magistrate binding the defendant over for trial, unless a later time is approved or ordered by the court. K.S.A. 1978 Supp. 22-3206(1). Arraignment consists of reading the complaint, information or indictment to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. K.S.A. 22-3205. "Arraignment" is also defined as:

"[T]he formal act of calling the defendant before a court having jurisdiction to impose sentence for the offense charged, informing said defendant of the offense with which said defendant is charged, and asking said defendant whether he or she is guilty or not guilty." K.S.A. 1978 Supp. 22-2202(2).

It has been recognized that the term "arraignment" is sometimes loosely used. *McCuan v. State,* 196 Kan. 457, 413 P.2d 69 (1966); *Goodwin v. State,* 195 Kan. 414, 407 P.2d 528 (1965). In *Goodwin,* which admittedly was decided prior to the enactment of our present code of criminal procedure and the recent unification of our courts, the issue was whether defendant had been denied his right to counsel at arraignment, where he was without counsel at his first appearance. The court held that the first appearance could not properly be termed an arraignment, although noting that the record indicated, as does the record here, that the defendant had at that time been "duly arraigned." The court found the magistrate at the defendant's first appearance had no authority to arraign a person charged with a felony and that acceptance of a plea by the magistrate was a nullity. 195 Kan. at 418-419.

In the present case, the associate district judge who presided as a magistrate at defendant's first appearance had the authority to arraign defendant because an associate district judge is empowered to impose sentence upon a person found guilty of a felony. Defendant's argument that this distinguishes *Goodwin* has some superficial appeal but we do not find it persuasive in determining whether the first appearance in this case constituted defendant's arraignment so as to bring K.S.A. 1978 Supp. 22-3402 into play. The statutes clearly contemplate that the felony arraignment is to occur only after a preliminary hearing, as a result of which the defendant has been bound over for trial, and after the prosecutor has filed an information charging the crime for which defendant has been bound over. K.S.A. 1978 Supp. 22-2902, 22-3206. A defendant may, of course, waive the preliminary hearing. The record here reflects no waiver and at the time of the first appearance no information had been filed, only a complaint.

The purpose of the first appearance pursuant to K.S.A. 22-2901 is to insure that any person arrested is held on a proper charge and to secure to such person the earliest possible opportunity for bail. *State v. Nading,* 214 Kan. 249, 252, 519 P.2d 714 (1974). A

statement by defendant of his plea at his first appearance in a felony case is gratuitous and does not convert the proceeding into an arraignment. Thus, the ninety day statutory period did not begin to run until the formal arraignment of January 27, 1978. From that date to the date of trial, March 20, was a period of fifty-two (52) days. K.S.A. 1978 Supp. 22-3402 was not violated.

Defendant makes the argument that if K.S.A. 1978 Supp. 22-3402 is interpreted as the State urges and the trial court held, then greater procedural protection is afforded an individual charged with a misdemeanor than one charged with a felony. We do not agree.

A preliminary hearing is not statutorily required in misdemeanor cases. Therefore, the judicial proceeding that constitutes the first appearance in a felony case *may* be utilized for the arraignment in a misdemeanor case provided the requirements of an arraignment (K.S.A. 22-3205) are met. Accordingly, it is possible that the speedy trial provisions of K.S.A. 1978 Supp. 22-3402 may attach at an earlier time in a misdemeanor case. But this does not mean a defendant charged with a misdemeanor is afforded greater procedural protection. On the contrary, a preliminary hearing affords a felony defendant one of the foremost procedural protections. The *possibility* that K.S.A. 1978 Supp. 22-3402 may attach in a misdemeanor case at an earlier time than in a felony case is insufficient to construe the word "arraignment," as used in the statute, to mean "first appearance" rather than its statutory definition. The date of arraignment controls application of K.S.A. 1978 Supp. 22-3402(1) in both felony and misdemeanor cases.

This determination does not end the inquiry, however. All that has been determined is that defendant's *statutory* right to a speedy trial has not been violated. Other delays are to be gauged by the speedy trial right preserved by the Sixth Amendment to the United States Constitution and Kansas Constitution Bill of Rights, § 10. In *State v. Smith,* 215 Kan. 34, 523 P.2d 691 (1974), the Court rejected the argument that the ninety day statutory period applied to the period between defendant's arrest and preliminary hearing, noting that the statutory period was conditional only on the time between arraignment and trial. The Court, quoting from *State v. Stanphill,* 206 Kan. 612, 481 P.2d 998 (1971), stated:

" 'While the passage of the statutory period established in these legislative

enactments [such as K.S.A. 1978 Supp. 22-3402] must be treated as conclusive of undue delay if all other conditions are met, the constitutional right must be preserved and kept distinct in those situations not specifically covered by statute. Judge Skelly Wright, in his concurring opinion in *Nickens v. United States,* 323 F.2d 808 (D.C. Cir. 1963), referred to delay in the criminal process before the filing of charges and said:

" ' "The legislature is free to implement the constitutional right and to provide protections greater than the constitutional right. But the minimum right of the accused to speedy trial is preserved by the command of the Sixth Amendment, whatever the terms of the statute. And that minimum right is measured by a flexible standard which takes account of all the circumstances." (p. 813.)' (p. 616.)" 215 Kan. at 39.

The constitutional protection of a speedy trial attaches when one becomes accused and the criminal prosecution begins, usually by either an indictment, an information, or an arrest, whichever first occurs. See *Dillingham v. United States,* 423 U.S. 64, 46 L.Ed.2d 205, 96 S.Ct. 303 (1975); *United States v. Marion,* 404 U.S. 307, 30 L.Ed.2d 468, 92 S.Ct. 455 (1971). Thus, the constitutional guaranty attached to defendant upon his arrest on September 21, 1977, even though the statutory right did not attach until his arraignment on January 27, 1978. This answers defendant's argument that he could be incarcerated indefinitely with no legal recourse so long as it is held that the first appearance is not in fact the arraignment.

It is true the statutes provide the preliminary hearing is to be held within ten (10) days of the arrest or first appearance, absent a continuance (K.S.A. 1978 Supp. 22-2902[2]), and the arraignment is to be held not later than the next required day of court which occurs ten (10) or more days after the order of the magistrate binding over the defendant for trial. K.S.A. 1978 Supp. 22-3206(1). However, since these statutes do not provide sanctions for failure to follow the time limits established, they have been construed as directory only, with the right to a speedy trial to be gauged under the flexible standards constitutional test. *State v. Clark,* 222 Kan. 65, 68-69, 563 P.2d 1028 (1977); *State v. Fink,* 217 Kan. 671, 538 P.2d 1390 (1975).

*Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), defined the factors to be considered upon a constitutional claim of denial of speedy trial. Such a claim is subject to a balancing test in which the conduct of both the prosecution and the defendant are to be weighed. Each case must be determined on its own facts. Four factors were identified: (1) length of the

delay, (2) reason for the delay, (3) the defendant's assertion of his rights, and (4) prejudice resulting to the defendant. None of these factors is controlling. Rather they should be considered together with such other circumstances as may be relevant. Kansas has adopted this test. See *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 589 P.2d 626 (1979); *State v. Smith & Miller*, 224 Kan. 662, 585 P.2d 1006 (1978), *aff'd on rehearing* 225 Kan. 199, 588 P.2d 953 (1979); *State v. Clark*, 222 Kan. 65; *State v. Fennell*, 218 Kan. 170, 542 P.2d 686 (1975); *State v. Fink*, 217 Kan. 671; *State v. Dolack*, 216 Kan. 622, 533 P.2d 1282 (1975); *State v. Smith*, 215 Kan. 34; *State v. Hemminger*, 210 Kan. 587, 502 P.2d 791 (1972); *State v. Otero*, 210 Kan. 530, 502 P.2d 763 (1972).

In this case, defendant was incarcerated in lieu of bond from September 21, 1977, until his arraignment on January 27, 1978, a period of 128 days. He was incarcerated an additional 52 days before his trial. This delay of 180 days from arrest to trial, in itself, is not excessive under the Kansas cases. In *State v. Smith & Miller*, 224 Kan. 662, there was involved a five month delay between arrest and when the defendants were informed of the charges. Defendants had been in federal custody in the interim. In *State v. Fink*, 217 Kan. 671, a fourteen month delay between arrest and the appeal by the State of the dismissal of charges was held not to be per se unreasonable. In the case closest to the situation here, *State v. Smith*, 215 Kan. 34, a delay of almost six months between arrest and preliminary hearing was upheld.

The State asserts that the prearraignment delay was occasioned solely through the fault of defendant through his request to determine competency. The time needed for such a determination is, of course, to be charged to defendant, but the State is incorrect in attributing the whole delay to defendant. A defendant is to be charged only with the time between filing a motion to determine competency and the receipt of the psychiatrist's report. The defendant is not obligated to proceed to secure a judicial determination of the matter. *State v. Warren*, 224 Kan. 454, 457, 580 P.2d 1336 (1978). The date the psychiatrist's report was filed is not indicated by the record but defendant implies that it was filed on the date of his second examination, October 4, 1977, and the State does not challenge this. Defendant may be charged with only seven days due to his motion to determine competency.

The State gives no other reason for the prearraignment delay. At

the hearing on defendant's motion to dismiss, the court indicated defendant had been an uncooperative prisoner and had been "raising cain." Indeed, it appears defendant was held in solitary confinement from the day of his arrest until his trial. There is no showing, however, that defendant's behavior made it impossible to conduct the preliminary hearing or his arraignment. Absent such a showing, no more of the delay may be charged to defendant.

Perhaps the most complete analysis of the *Barker* factors to be found in the Kansas cases is in *State v. Fink,* 217 Kan. at 678-679. There, the Court, in quoting from *Barker,* stated:

" '. . . [D]ifferent weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. . . .' [407 U.S. at 531.]"

We cannot say the delay here was deliberate on the part of the State to hamper defendant's defense. The reason for the delay, therefore, is assigned to the "more neutral" category, even though charged to the State.

Defendant was held in solitary confinement throughout the entire six month period of his pretrial incarceration. It is not disputed that his solitary confinement was due to his hostile and uncooperative nature. Defendant asserts he was prejudiced by the delay because of psychological stress and anxiety suffered during incarceration. Such stress has been recognized as one basis of the speedy trial protection. *Barker v. Wingo,* 407 U.S. at 532; *State v. Otero,* 210 Kan. 530. In *State v. Smith & Miller,* 224 Kan. 662, the court in relation to a stress and anxiety argument distinguished *Otero* as involving a delay of several years as opposed to the five month period there involved. The prearraignment delay here was four months. Although defendant has been committed to the Topeka State Hospital pursuant to K.S.A. 22-3430, there is no showing or argument that this action was taken for treatment of a condition caused in whole or in part by defendant's pretrial incarceration.

Defendant asserted his right to a speedy trial by moving to dismiss the charges on December 21, 1977. There has been no showing of prejudice to the defense. No witnesses became un-

available (*State v. Smith,* 215 Kan. at 40) and the delay was not a deliberate attempt to undermine the defense. After weighing the *Barker* factors, we conclude defendant has not been denied his constitutional right to a speedy trial. We cannot, however, condone the prearraignment delay in this case and admonish the State for its role.

Defendant last contends the trial court erred in not instructing on simple assault as a lesser included offense of aggravated assault.

The trial court duty to instruct on a lesser included offense arises only where clearly required by the evidence and where the defendant might reasonably be convicted of a lesser offense if the instruction is given. *State v. Buckner,* 221 Kan. 117, Syl. ¶ 1, 558 P.2d 1102 (1976).

Here, the victim testified defendant advanced toward him with a knife. There was no evidence of conduct by the defendant which would serve as the basis for a charge of simple assault. Under the circumstances, defendant was guilty of aggravated assault or he was not guilty of a criminal offense. *State v. Buckner,* 221 Kan. at 121. If no evidence of the lesser included offense is received, then an instruction on the lesser offense should not be given. *State v. White & Stewart,* 225 Kan. 87, Syl. ¶ 12, 587 P.2d 1259 (1978).

Affirmed.