No. 86,420

STATE OF KANSAS, *Appellee,* v. JOSEPH RICHARD RIVERA, *Appellant.*
(83 P.3d 169)

Opinion filed January 30, 2004.

*Sarah Ellen Johnson*, assistant appellate defender, argued the cause, and *Paige A. Nichols*, assistant appellate defender, and *Randall Hodgkinson*, deputy appellate defender, were on the briefs for appellant.

*Edmond D. Brancart*, county attorney, argued the cause, and *Julie A. Funk*, assistant county attorney, *Carla J. Stovall*, former attorney general, and *Phill Kline*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

GERNON, J.: The State of Kansas appeals the Court of Appeals' decision dismissing Joseph Richard Rivera's charges for aggravated robbery, conspiracy to commit aggravated robbery, and aggravated assault.

## FACTS

Rivera was arrested on May 14, 1997, after fleeing from an officer who was executing a search warrant. On May 16, 1997, the sheriff served Rivera with a warrant charging him with one count each of aggravated robbery, conspiracy to commit aggravated robbery, aggravated assault, and theft. Rivera had his first appearance

the same day and was appointed counsel. Although Rivera's preliminary hearing was initially set for May 26, 1997, the district court did not conduct his preliminary hearing until January 15, 1998. Rivera remained in custody during the time between his arrest and his preliminary hearing except for a 10-day period in August 1997 when he escaped from custody.

Three days before his preliminary hearing, Rivera filed a pro se motion to dismiss, claiming that he was prejudiced by the delay between his arrest and his preliminary hearing. Neither Rivera nor his counsel set a hearing date for Rivera's motion to dismiss, and the motion was not addressed at the preliminary hearing.

At his arraignment on March 20, 1998, Rivera pled not guilty, and the court set the matter for jury trial on June 2, 1998. Rivera escaped from custody again in May 1998 and was not returned to Kansas until April 1999.

The court appointed new counsel for Rivera after he was returned to Kansas. Rivera waived his right to a jury trial and proceeded to a bench trial on June 23, 1999. The trial court found Rivera guilty, convicting him of aggravated robbery, conspiracy to commit aggravated robbery, and aggravated assault.

Rivera appealed his convictions to the Court of Appeals, which reversed Rivera's convictions and dismissed the charges against him because of the delay in conducting Rivera's preliminary hearing. *State v. Rivera*, No. 86,420, unpublished opinion filed February 28, 2003 (hereinafter referred to as *Rivera I*). In contrast, however, another panel of the Court of Appeals affirmed Rivera's convictions on other charges stemming from his August 1997 escape, finding that a delay of approximately 23 months between his arrest and his preliminary hearing was substantial but did not prejudice Rivera's rights. *State v. Rivera*, No. 86,421, unpublished opinion filed April 5, 2002 (hereinafter referred to as *Rivera II*). We granted the State's petition for review to address the apparent disparity between the Court of Appeals' opinions in *Rivera I* and *Rivera II*.

## ANALYSIS

The State claims that Rivera's constitutional right to a speedy

trial was not violated. It argues that the Court of Appeals improperly applied K.S.A. 2002 Supp. 22-2902(2) without fully analyzing the relevant circumstances surrounding the delay between Rivera's arrest and his preliminary hearing.

K.S.A. 2002 Supp. 22-2902(1) provides that every person arrested for felony has a right to a preliminary hearing unless a warrant was issued based on an indictment. Pursuant to K.S.A. 2002 Supp. 22-2902(2), the preliminary hearing shall be held within 10 days after a defendant is arrested or personally appears unless a continuance is granted for good cause. Unlike K.S.A. 22-3402, which establishes dismissal of the charges as a penalty for failing to bring a defendant to trial within the time frame specified, K.S.A. 2002 Supp. 22-2902(2) does not establish a penalty. As a result, K.S.A. 2002 Supp. 22-2902(2) has been interpreted to be directory rather than mandatory. See *State v. Fink*, 217 Kan. 671, 676, 538 P.2d 1390 (1975).

Instead of dismissing the charges when the 10-day period in K.S.A. 2002 Supp. 22-2902(2) is not technically met, the court must consider the totality of the circumstances to determine whether the defendant's constitutional right to a speedy trial has been violated. If the court concludes that the defendant's constitutional right to a speedy trial has been violated, it must dismiss the charges against him or her. *Fink*, 217 Kan. at 676.

"The constitutional protection of a speedy trial attaches when one becomes accused and the criminal prosecution begins, usually by either an indictment, an information, or an arrest, whichever first occurs." *State v. Taylor*, 3 Kan. App. 2d 316, 321, 594 P.2d 262 (1979); see *State v. Crouch & Reeder*, 230 Kan. 783, 787, 641 P.2d 394 (1982); *Fink*, 217 Kan. at 676-77. Thus, Rivera's constitutional right to a speedy trial attached when he was arrested and served with a warrant in May 1997.

The Court of Appeals does not articulate a standard of review for its decision in *Rivera I* but appears to apply a de novo standard based on the decision requiring interpretation of a statute, specifically K.S.A. 2002 Supp. 22-2902(2). *Rivera I*, No. 86,420, unpublished opinion filed February 28, 2003. In *Rivera II*, however, the Court of Appeals applied an abuse of discretion standard. *Rivera*

*II*, No. 86,421, unpublished opinion filed April 5, 2002. We conclude that neither of these standards of review is the proper approach.

Because K.S.A. 2002 Supp. 22-2902(2) is merely directory, its interpretation is not controlling. Instead, the question is whether Rivera's constitutional right to a speedy trial has been violated, and that is a question of law subject to unlimited review. See *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003).

To evaluate whether a defendant's Sixth Amendment right to speedy trial has been violated, Kansas applies the following four factors set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972): (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his or her right, and (4) prejudice to the defendant. None of these four factors, standing alone, is sufficient for finding a violation. Instead, the court must consider them together along with any other relevant circumstances. See *Fink*, 217 Kan. at 673. " 'The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' " *State v. Fitch*, 249 Kan. 562, 563, 819 P.2d 1225 (1991) (quoting *Barker*, 407 U.S. at 530).

### Length of Delay

Kansas appellate courts have considered delays of the defendant's preliminary hearing ranging from 254 days, see *Fink*, 217 Kan. at 673, to 2 years, see *State v. Ruff*, 266 Kan. 27, 30-31, 967 P.2d 742 (1998); see also, *e.g.*, *Fitch*, 249 Kan. at 564-68 (finding a delay of 402 days to be presumptively prejudicial); *State v. Smith & Miller*, 224 Kan. 662, 670-72, 585 P.2d 1006 (1978), *rehearing denied, opinion modified* 225 Kan. 199, 588 P.2d 953, *cert. denied* 441 U.S. 964 (1979) (considering a delay of 7 months until the defendant's arraignment). In each of these cases, the court evaluated all of the *Barker* factors before determining whether the charges should be dismissed.

Police arrested Rivera on May 14, 1997. The Ford County sheriff served him with a warrant on May 16, 1997, notifying him of the

charges against him. The trial court conducted Rivera's preliminary hearing on January 15, 1998, 244 days after Rivera had been served with the warrant.

We agree with the Court of Appeals' conclusion in *Rivera I* that this delay is presumptively prejudicial. However, we cannot agree with the *Rivera I* court's analysis, which ends at that point without considering the other *Barker* factors. Before we can determine whether Rivera's charges must be dismissed because his right to a speedy trial was violated, we must consider the remaining *Barker* factors.

## Reason for the Delay

The court should assign different weights for different reasons for the delay. For example, a deliberate attempt by the State to thwart the defense would weigh heavily against the State. However, a more neutral reason, like negligence or a crowded court docket, would weigh less heavily against the State. *Fitch,* 249 Kan. at 565; *Fink,* 217 Kan. at 678-79.

The *Fink* court attributed part of the 254-day delay between the defendant's arrest and his preliminary hearing to the defendant's motion to determine mental competency, with the remainder being attributed to the State. Although the State failed to provide an adequate explanation for its portion of the delay, the court determined that the defendant, who was free on bond, failed to demonstrate any prejudice resulting from the delay and concluded that the defendant's right to a speedy trial had not been violated. 217 Kan. at 677-80.

The *Fitch* court, however, reached an opposite result, finding that the trial court properly dismissed the defendant's charges because of a 402-day delay between the defendant's arrest and preliminary hearing. 249 Kan. at 564-68. The *Fitch* court concluded that Fitch's defense was not prejudiced and the State did not deliberately delay the preliminary hearing to thwart Fitch's defense. 249 Kan. at 565-68. The *Fitch* court further determined that Fitch, who was free on bond, had failed to assert his right until after the preliminary hearing had been rescheduled multiple times. 249 Kan. at 564-65. Nevertheless, the *Fitch* court upheld the dismissal

of the charges against Fitch, relying on the State's failure to justify the delay and the defendant's inconvenience in appearing in court three times ready to proceed only to find out that the State had postponed the proceedings. 249 Kan. at 568. The *Fitch* court also relied on the prosecutor's failure to introduce any evidence regarding the reason for the delay. Although the prosecutor made vague statements regarding negotiations over a proposed diversion agreement, the prosecutor did not take the stand to admit evidence in support of the allegation, despite the trial court's instruction that such evidence was necessary.

In *Smith & Miller*, 224 Kan. at 670-72, this court upheld the defendants' convictions, concluding that the 7-month delay between the defendants' arrests and their arraignments did not violate their right to a speedy trial. During that time, the defendants were held in Oklahoma, where they were tried in federal court. The *Smith & Miller* court concluded that the delay was not due to a deliberate attempt to thwart the defendants' defenses and the defendants were not subject to the psychological stress and anxiety contemplated by *State v. Otero*, 210 Kan. 530, 531, 535-36, 502 P.2d 763 (1972) (considering a delay of 7 years). 224 Kan. at 672.

To evaluate the reason for the delay, we must consider what occurred during the 244 days between Rivera's arrest and his preliminary hearing. Rivera's preliminary hearing was originally scheduled for May 26, 1997, but was later continued because the original setting fell on Memorial Day. On June 9, 1997, Rivera sent a letter to the court requesting another attorney. The court appointed Rivera's second attorney on June 11, 1997. On June 10, 1997, the State filed a motion and proposed order continuing the preliminary hearing until August 4, 1997, which the court granted.

Rivera escaped from custody on August 4, 1997, and was returned to custody 10 days later. Rivera's escape, however, did not cause the August 4 preliminary hearing to be continued. Prior to August 4, the State arranged with Rivera's counsel and the court to continue the matter so the prosecutor could prepare for another trial. The State's motion and order of continuance was filed on August 7, 1997, setting a new preliminary hearing date of August 20, 1997.

On August 26, 1997, the State filed another motion and proposed order requesting that the preliminary hearing be continued due to the possibility of joining the new charges stemming from Rivera's escape with the previous charges in this case. The State did not request a new preliminary hearing date, and on December 4, 1997, Rivera's preliminary hearing was set for January 15, 1998. It is important to note that each of the State's motions to continue were approved by Rivera's counsel.

Like the prosecutor in *Fitch*, the prosecutor in this case failed to introduce any evidence to justify the delay. Although the prosecutor in this case raised arguments regarding the difficulty in scheduling matters on the court's calendar, the prosecutor did not testify regarding the scheduling difficulties and did not present any evidence to support his arguments. The prosecutor proffered a letter written to the chief judge outlining scheduling concerns within the district court but never asked to have the letter admitted into evidence.

The *Fink* court also noted the State's failure to introduce evidence to justify the delay, but did not weigh that factor as heavily as the *Fitch* court. Instead, the *Fink* court focused on the absence of any evidence in the record to show that the State had deliberately delayed the preliminary hearing to hamper the defendant or to accomplish some other questionable purpose. *Fink*, 217 Kan. at 679. The same analysis applies in this case. Although we do not condone the State's failure to admit any evidence to support its claim of scheduling problems, we believe the less punitive approach of the *Fink* court's analysis is more appropriate. Because Rivera fails to establish that the State deliberately delayed the preliminary hearing to hamper his defense or to accomplish some other questionable purpose, we decline to weigh the State's failure to admit evidence to justify the delay heavily against the State.

Rivera appears to argue that the continuances should be weighed heavily against the State because he did not approve them even though his attorneys approved them. This argument overlooks the principle that defense counsel's actions are attributable to the defendant in computing speedy trial violations. See *State v. Bafford*, 255 Kan. 888, 892, 895, 879 P.2d 613 (1994). Criminal de-

fendants are charged with making three decisions regarding their cases: " '(1) what plea to enter; (2) whether to waive jury trial; and (3) whether to testify in his own behalf.' " 255 Kan. at 895 (quoting *Winter v. State*, 210 Kan. 597, Syl. ¶ 1, 502 P.2d 733 [1972]). Strategical and tactical decisions like preparation, scheduling, and the type of defense, however, lie with the defense counsel, who is not required to specifically consult with the defendant before filing a motion for a continuance. 255 Kan. at 895.

Rivera also fails to accept responsibility for the delay caused by his escape from custody and his request for new counsel. Although Rivera was not gone for an extended period of time, his escape caused the State to file new charges. It appears from the record that the State contemplated joining the new charges from Rivera's escape with the charges in this case. As a result, the new charges from Rivera's escape caused part of the delay. Furthermore, part of the delay may be attributed to the appointment of new counsel, who required time to prepare.

Rivera's responsibility for some of the delay, his counsels' approval of the State's request for continuances, and the absence of any improper motive by the State balance the State's failure to justify the delay. Consequently, the reasons for the delay weigh equally for both Rivera and the State.

### Defendant's Assertion of the Right

The State has the duty of bringing the defendant to trial. *State v. Fink*, 217 Kan. at 673-74. However, this court can weigh Rivera's efforts to assert his right to a speedy trial. " '[F]ailure to assert the right will make it difficult for the defendant to prove that he was denied a speedy trial.' " *State v. Fitch*, 249 Kan. at 565 (quoting *Barker v. Wingo*, 407 U.S. at 532).

Rivera filed a pro se motion to dismiss for failure to conduct a timely preliminary hearing on January 12, 1998, 3 days before his preliminary hearing was scheduled. Neither Rivera nor his counsel set the matter for hearing, and the motion was not addressed at the preliminary hearing on January 15, 1998. Rivera reasserted his motion to dismiss through his counsel in June 1999, approximately 3 weeks before his trial. The trial court heard Rivera's motion to

dismiss 5 days before Rivera's trial and denied the motion, finding that Rivera failed to prove any prejudice.

The State argues that Rivera waived his right to a speedy trial, citing to the pretrial conference. This assertion is faulty for two reasons. First, Rivera only agreed to waive his right to a speedy trial as it relates to the interstate agreement on detainers. Second, although the State attempted to have Rivera's motions dismissed due to waiver, Rivera did not agree to waive all of his unresolved motions, including his pro se motion to dismiss. Instead, Rivera agreed to review his outstanding motions and renew any motions he still wanted to be considered. As a result, we must consider whether Rivera's assertion of his speedy trial right weighs in his favor.

The *Fink* court concluded that the defendant's assertion of his right to speedy trial was not entitled to any weight and consideration, noting that the defendant only objected to the timeliness of the preliminary hearings when they were held. *Fink*, 217 Kan. at 680. The same analysis applies in this case. Rivera's minimal attempts to assert his rights are counterbalanced by his two escapes from custody, the timing of his motion only 3 days before the preliminary hearing occurred, and his failure to set his motion with the court in a timely manner. Accordingly, this factor does not weigh in Rivera's favor.

### Prejudice to the Defendant

The three factors that may demonstrate prejudice to the defendant are an oppressive pretrial incarceration; the defendant's anxiety and concern; and, most importantly, the impairment of his or her defense. *State v. Smallwood*, 264 Kan. 69, 76, 955 P.2d 1209 (1998).

Although he remained in custody for the majority of the time between his arrest and his preliminary hearing, Rivera cannot complain that he was subjected to an oppressive pretrial incarceration. He was being held for a parole violation in California in addition to the charges in this case. Thus, Rivera was not eligible for bond and his freedom was not an issue.

Rivera argues that he was subjected to anxiety and concern over the charges. However, Rivera's repeated escapes from custody, his California parole violations, and his criminal history score of C establish that Rivera has had repeated involvement with the criminal justice system. Rivera's repeated involvement with the criminal justice system and his repeated escapes from custody demonstrate his general disrespect for the criminal justice system, which overshadows any claim he has about being concerned and anxious over the charges in this case.

Finally, Rivera claims that his defense was impaired because some of the witnesses could not remember the events. This claim must be balanced by Rivera's contribution to the delay in his trial. Rivera escaped from custody again in May 1998, after his preliminary hearing. He was not returned to Kansas until April 1999. His 11-month absence caused a significant delay in the proceedings. In addition, Rivera's lengthy absence required the court to assign new counsel when he returned, causing further delay to allow his new counsel adequate time to prepare. Comparing the impact of Rivera's second escape with the impact from the State's delay in scheduling the preliminary hearing, the balance must weigh in favor of the State. We conclude that there was no prejudice to Rivera as a result of the 244-day delay between his arrest and his preliminary hearing.

The power to dismiss a criminal complaint with prejudice must be exercised with great caution and only in cases where no other remedy would protect against the State's abuse. *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982). In *Crouch & Reeder*, this court concluded that the State's 11-day delay in bringing the defendants before a magistrate for a first appearance pursuant to K.S.A. 22-2901 did not warrant dismissal of the charges. The *Crouch & Reeder* court stated:

"We have concluded that the dismissal of a criminal complaint with prejudice because of a violation of K.S.A. 22-2901 is a sanction which should be imposed only under extremely compelling circumstances. We recognize, however, that, in a proper case, a district court in this state has the power to dismiss a criminal complaint with prejudice, if the interests of justice require such action. Such power should be exercised, however, with great caution and only in cases where

no other remedy would protect against abuse. . . . In determining the appropriate remedy, a trial court should consider the four factors identified in *Barker v. Wingo* [, 407 U.S. 514, 33 L. Ed 2d 101, 92 S. Ct. 2182 (1972)] . . . . We want to emphasize that the purpose of K.S.A. 22-2901 and similar statutes is not to penalize the police or the public but to protect the rights of the accused." 230 Kan. at 788.

The appropriate analysis for the State's failure to comply with K.S.A. 2002 Supp. 22-2902(2) is to determine whether the defendant's constitutional right to a speedy trial has been violated by evaluating all of the relevant circumstances in light of the *Barker* factors. See *State v. Fink*, 217 Kan. 671, 676, 538 P.2d 1390 (1975). An evaluation of all of the *Barker* factors in this case reveals that the State did not violate Rivera's constitutional right to a speedy trial. Accordingly, the Court of Appeals erred when it dismissed Rivera's charges for failure to hold a timely preliminary hearing.

The opinion of the Court of Appeals is reversed, and the matter is remanded to the Court of Appeals to decide the remaining issues raised by Rivera's appeal. The judgment of the district court on the speedy trial issue is affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned.