NOT DESIGNATED FOR PUBLICATION

No. 117,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HOWARD J. JOHNSON JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 24, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jose V. Guerra*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM:  In 2011, Howard Jay Johnson Jr. was convicted by a jury of the rape of L.D., a female acquaintance. The district court denied his posttrial motions and we affirmed his conviction. *State v. Johnson*, No. 107,086, 2013 WL 5303512, at *1 (Kan. App. 2013) (unpublished opinion). In 2017, Johnson brought this K.S.A. 60-1507 motion alleging prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The district held an evidentiary hearing at which Johnson and his trial counsel testified, then denied the motion.

1

On appeal, Johnson raises only one issue—whether his trial counsel gave ineffective assistance by advising him not to testify in his rape case without advising him that "his defense of consent would not be successful if he didn't testify." Finding no error, we affirm.

*Standard of review*

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. We review the underlying factual findings for support by substantial competent evidence and the district court's legal conclusions based on those facts de novo. *State v. Cheatham*, 296 Kan. 417, 430, 292 P.3d 318 (2013). Substantial competent evidence is that which possesses both relevance and substance and furnishes a substantial basis of fact from which the issues can reasonably be resolved. *Bledsoe v. State*, 283 Kan. 81, 88, 150 P.3d 868 (2007).

*Discussion*

The standard for success on a claim of ineffective assistance of counsel in a 60-1507 motion is familiar. The movant must show (1) his or her lawyer's representation fell below a level of reasonable competence and (2) but for counsel's deficient performance, there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]); *Bledsoe*, 283 Kan. at 90. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Bledsoe*, 283 Kan. at 90. The district court focused on the first prong of the *Strickland* test—counsel's performance. We do the same.

Convicted defendants making claims of ineffective assistance must identify specific acts or omissions by counsel that they allege were not the result of reasonable

professional judgment. *Strickland*, 466 U.S. at 690. As the reviewing court, we must determine whether, given the circumstances at the time, those acts or omissions were outside the wide range of professionally competent assistance. 466 U.S. at 690. We indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 466 U.S. at 690. Defendant has the burden to rebut that presumption.

Here, the significant decision was not counsel's to make, as the decision whether to testify lay solely with Johnson. *State v. Rivera*, 277 Kan. 109, 116-17, 83 P.3d 169 (2004) (whether to testify is one of the three decisions reserved to defendants, not their counsel). But an ineffective assistance of counsel claim cannot be maintained where a defendant knowingly waives the right to testify after being advised by counsel of tactical reasons to not testify. *Flynn v. State*, 281 Kan. 1154, 1163, 136 P.3d 909 (2006). Such is the case here.

Johnson's trial counsel opined that based on her more than 20 years of experience, defendants tend to "shoot themselves in their feet" if they testify, so she typically advises her clients to not testify. She gave Johnson that general advice and also gave him advice specific to his case, including her belief that his testifying about a consensual sexual relationship with L.D. while he was married would not be well received by the jury. Counsel thus advised Johnson of tactical reasons to not testify. See *Flynn*, 281 Kan. at 1163.

The trial court conducted a thorough colloquy with Johnson about his decision and concluded that he had conferred with counsel and then had freely and voluntarily chosen not to testify. The district court summarized the transcript of the colloquy between the trial court and Johnson as follows:

"The trial court was advised that Johnson would not testify and the court asked questions of the Plaintiff regarding his absolute right to testify, that this was the opportunity for him to tell the jury his side of the case, that this would be the only opportunity for him to testify, whether he had adequate time to discuss the matter with his trial counsel and whether he had any further questions for counsel or the court. The court importantly explained that while trial counsel controls certain aspects of the trial and that counsel may advise him about whether to testify or not, that the issue of whether he testifies or not was Johnson's and not counsel['s]. Johnson replied that he understood all aspects of the discussion with the court and finished with the clear statement:  'It's my decision not to testify.'"

Our independent review of the transcript shows that this summary accurately reflects the substance of the trial court's colloquy.

The record from the 60-1507 hearing also supports the district court's factual findings. Johnson testified that when the trial court judge asked if he wanted to testify, "I wanted to say yes and [counsel] looked at me and said don't testify." This was inconsistent with his other testimony—when asked, "Did [counsel] give you the opportunity to change your mind?" he answered, "She said you could go ahead and testify, but I advise you not to testify. So I just stayed with her advice." Johnson characterized the facts as putting him "between a rock and a hard place," but he admitted that his counsel's advice "seemed pretty smart at the time." Indeed, the time of counsel's act is the proper time to evaluate its propriety, and defendants cannot rely on hindsight after trial. See *State v. Coones*, 301 Kan. 64, 70, 339 P.3d 375 (2014). The record shows substantial competent evidence that counsel's advice to defendant was based on strategy and that defendant knowingly waived his right to testify after being advised by counsel of tactical reasons to not testify.

As to the district court's legal conclusion, it found "no testimony or evidence [was] provided at the motion hearing that trial counsel provided erroneous information or an

4

improper recommendation to Johnson." That, too, is correct. It then found that Johnson had failed to establish that counsel's performance was deficient. Upon de novo review of this legal conclusion, we agree.

Because the record strongly establishes no deficient performance by trial counsel, we find it unnecessary to thoroughly analyze the prejudice prong of the *Strickland* test. We note only that the prejudice claim has two serious flaws. First, Johnson's trial counsel did present the defense of consent—not based on Johnson's testimony but based on the physical evidence in the room that seemingly contradicted the victim's testimony. Johnson's choice not to testify thus did not preclude his attorney from presenting the defense of consent, and she attacked the State's evidence with that theory of defense.

Second, any testimony by Johnson that the sexual intercourse was consensual would have been seriously impeached by Johnson's prior denial that he had engaged in intercourse with the victim—a denial that was contradicted by DNA evidence. In contrast, the victim's description of the rape remained fairly consistent and was corroborated by testimony of other witnesses. Johnson merely presumes but fails to show that the theory of consent would have been strengthened, instead of weakened, had he testified. Johnson thus has not shown a reasonable probability that the outcome of the trial would have been different had he testified. See *Bledsoe*, 283 Kan. at 90.

We find substantial competent evidence supporting the district court's factual findings and no error of law. Johnson was not deprived of the effective assistance of counsel, as alleged.

Affirmed.