NOT DESIGNATED FOR PUBLICATION

No. 128,452

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JEFFREY SCOTT MCCLAIN,
*Appellee*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; JAMES M. CROWL, judge. Submitted without oral argument. Opinion filed June 26, 2026. Affirmed.


*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellant.


*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM:  The State of Kansas challenges the district court's dismissal of the charges against Jeffrey Scott McClain. In dismissing this case, the district court determined that McClain's constitutional right to a speedy trial was violated. Although some of the seven-year delay was caused by McClain's own actions or by other factors, we find—based on our review of the record on appeal—that the district court's determination was supported by substantial competent evidence. Thus, we affirm the district court's dismissal of the charges against McClain based on a violation of his constitutional right to a speedy trial.

1

FACTS

On July 26, 2017, McClain was charged with felony possession of methamphetamine, misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia, misdemeanor driving with a suspended license, and making an improper right-hand turn. At his arraignment hearing, McClain entered a plea of not guilty to the charges against him, and the district court set a trial date for January 29, 2018.

Several weeks later, McClain filed a motion for a continuance—which included a waiver of his right to a speedy trial because he needed additional time to prepare for trial. The district court subsequently granted his motion and continued the trial date to March 12, 2018. About a month later, McClain again sought a continuance, and the district court set a new trial date for June 4, 2018. However, after failing to appear at trial, a warrant was later issued for McClain's arrest.

In October of 2022, McClain was a witness to an officer-involved shooting in Topeka. As a result, McClain gave statements to the Topeka Police Department, the Shawnee County Sheriff's Office, and the Kansas Bureau of Investigation. His statements included information pertaining to his mailing address, his home address in Topeka, and his date of birth. Despite having this information, McClain was not arrested on the warrant for failing to appear until July 12, 2024.

Following his arrest, the district court set a new trial date for August 13, 2024. Prior to trial, McClain filed a motion to dismiss and a motion to suppress evidence. In his motion to dismiss, McClain argued the State violated his constitutional right to a speedy trial. Afterwards, the district court vacated the trial date and set a hearing for the motions. In doing so, the district court noted that a new trial date would be subject to its ruling on the motion to dismiss.

At the motions hearing held on August 19, 2024, Sergeant Christopher Keys of the Shawnee County Sheriff's Office; Shelby Spradling, a special investigator with the Third Judicial District Public Defender's Office; and McClain were called as witnesses. Sergeant Keys testified that a "warrant jacket" existed for McClain and that it evidently showed an address in Jefferson County. The same information was also recorded with the National Crime Information Center (NCIC). In addition, Sergeant Keys' testimony indicated that the Sheriff's office took no further steps to locate McClain aside from annually verifying the same information with the NCIC each year.

Furthermore, McClain conceded that he failed to appear for trial in June of 2018 alongside in an unrelated municipal case. McClain testified that he received a letter from the City of Topeka—at his home address in Topeka—notifying him that the city had issued a warrant for his arrest for failing to appear in municipal court. He explained that the Jefferson County address was for his mother's house and that it was listed for "mailing purposes only" because at one point he was unable to receive mail at his Topeka residence. According to McClain, he did not attempt to deceive anyone about his residence, and he gave his Topeka address to law enforcement at the time he was a witness in the officer-involved shooting.

Spradling testified that she spoke with the KBI's records department to confirm that an audio recording existed which supported McClain's claim that he was interviewed after the officer-involved shooting in October of 2022. Likewise, Spradling testified that she was able to find both McClain's Topeka and Jefferson County addresses by using a computer program called "CLEAR." After the parties presented closing arguments, the district court took the matter under advisement.

On September 9, 2024, the district court announced from the bench that it was granting McClain's motion to dismiss. In reaching this determination, the district court explained that while the State may have complied with its obligations under K.S.A. 22-

3402, it had failed to safeguard McClain's speedy trial rights under the Sixth Amendment of the United States Constitution. Although the district court recognized that the Shawnee County Sheriff's office had limited resources, it found the length of the delay to be inherently prejudicial. Specifically, the district court found it to be "significant that . . . no public interest databases were used to attempt to locate the defendant, even though the defendant allegedly lived at the same address in Topeka" for several years. Consequently, the district court dismissed the charges against McClain based on the State's violation of his Sixth Amendment right to a speedy trial.

Thereafter, the State filed a timely notice of appeal.

ANALYSIS

On appeal, the State contends that the district court improperly granted McClain's motion to dismiss based on a violation of his constitutional right to a speedy trial. In support of this contention, the State argues that the factors articulated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), support the conclusion that McClain's constitutional rights were not violated. In response, McClain contends that the district court's analysis was correct and that it properly dismissed the charges against him based on a violation of his Sixth Amendment right to a speedy trial.

The factual findings that underpin a district court's decision regarding a defendant's right to a speedy trial are reviewed for substantial competent evidence. *State v. Owens*, 310 Kan. 865, 868, 451 P.3d 467 (2019). Substantial competent evidence refers to legal and relevant evidence that reasonable persons could accept as adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). It "does not require evidence to prove a fact; rather, it simply requires evidence to sufficiently support the fact-finder's conclusion." *State v. Morley*, 312 Kan. 702, 712, 479 P.3d 928 (2021). Most importantly, we are not to reweigh evidence or the credibility of witnesses. *State v.*

4

*Mendez*, 319 Kan. 718, 723, 559 P.3d 792 (2024). Furthermore, our review of the district court's legal conclusions is unlimited. *State v. Ford*, 316 Kan. 558, 560, 519 P.3d 456 (2022).

The Sixth Amendment of the United States Constitution provides:  "'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" *Owens*, 310 Kan. at 869. The Fourteenth Amendment to the United States Constitution makes this provision applicable to proceedings in state courts. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). Section 10 of the Kansas Constitution Bill of Rights also protects a defendant's right to a speedy trial. In addition, defendants have a statutory right to a speedy trial. See K.S.A. 22-3402.

Here, McClain only asserts his constitutional right to a speedy trial. We analyze this assertion by applying a four-factor test originally set forth in *Barker*. 407 U.S. at 530; *Owens*, 310 Kan. at 869. These factors include:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice against the defendant. 310 Kan. at 869. Specifically, a court assesses the conduct of the prosecution and the accused. 310 Kan. at 869. And it considers the *Barker* factors together "with any other relevant circumstances." *State v. Cherry*, 320 Kan. 784, 800, 571 P.3d 976 (2025).

*The length of the delay*

When reviewing the length of the delay, we first determine "whether the relevant interval [between the filing of charges and trial] 'has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" *Cherry*, 320 Kan. at 800 (citing *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S. Ct. 2686, 120 L. Ed. 2d 520 [1992]). If the delay crosses that line, we then consider the remaining *Barker* factors. 320 Kan. at 800. In the present case, it is undisputed that there was a delay of approximately seven years.

5

Still, the amount of time elapsed is not the only relevant means to measure presumptive prejudice. *Owens*, 310 Kan. at 872. Determination of whether the "'length of delay is presumptively prejudicial depends on the peculiar circumstances of each case, and the mere passage of time is not determinative.'" *Cherry*, 320 Kan. at 800 (quoting *State v. Weaver*, 276 Kan. 504, Syl. ¶ 3, 78 P.3d 397 [2003]). So, a "'delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex [] charge.'" 320 Kan. at 800 (quoting *Barker*, 407 U.S. at 530-31).

The Kansas Supreme Court has found a delay of four years or more to be presumptively prejudicial in a case involving first-degree murder. *Cherry*, 320 Kan. at 800-01. See also *In re Snyder*, 308 Kan. 615, 619, 422 P.3d 1152 (2018) (assuming that a five-year delay was presumptively prejudicial in a civil commitment case). In the present situation, which involves one felony possession of methamphetamine count and several misdemeanor counts, we find the approximately seven-year delay to be presumptively prejudicial to McClain. See *Cherry*, 320 Kan. at 800. As such, we will address the other *Barker* factors.

*The reason for the delay*

The second factor is known as the "'flag all litigants seek to capture.'" *Cherry*, 320 Kan. at 801 (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S. Ct. 648, 88 L. Ed. 2d 640 [1986]). Under this factor, "'different weights [are] assigned [for] different reasons'" in analyzing who bears the responsibility for a delay in bringing a criminal case to trial. 320 Kan. at 801 (quoting *Barker*, 407 U.S. at 531). Although a delay caused by the defense weighs against a defendant, "[a] defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process." *Barker*, 407 U.S. at 527. In other words, the State's inaction in prosecuting a defendant will usually weigh against the State. *State v. McDonald*, 62 Kan. App. 2d 59, 69, 506 P.3d 930 (2022).

In this case, the district court found that the State did not employ reasonable diligence in locating McClain in order to bring him to trial in a timely manner. A review of the record confirms that this finding is supported by substantial competent evidence. Certainly, McClain was responsible for some of the delays in bringing this case to trial. But the record reveals that the address of McClain's Topeka residence was publicly available and could have been discovered by the State without difficulty. In addition, the evidence in the record shows that McClain lived in the same place in Topeka for several years as well as that he simply used his mother's residence in Jefferson County as a mailing address. At the very least, the record indicates that the State knew—or should have known—McClain's Topeka address in October of 2022 when three different law enforcement agencies interviewed him as a witness to an officer-involved shooting. As such, we find that substantial competent evidence supports the district court's finding that this factor weighs against the State. See *Smith*, 312 Kan. at 887; *Owens*, 310 Kan. at 868.

*McClain's assertion of his rights*

The third factor requires us to weigh a defendant's efforts to assert his or her right to a speedy trial. *Cherry*, 320 Kan. at 803. A defendant's assertion of his or her speedy trial right "'is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.'" 320 Kan. at 803 (quoting *Barker*, 407 U.S. at 531-32.) The Kansas Supreme Court has found that the first point where a defendant asserts his or her right to a speedy trial is material. The later the assertion of the right to a speedy trial occurs, the less it weighs in the defendant's favor. 320 Kan. at 803 (citing *State v. Rivera*, 277 Kan. 109, 118, 83 P.3d 169 [2004]).

Significantly, a defendant may revoke a previous waiver of the right to a speedy trial and subsequently raise the issue if the State is aware of the revocation. *State v. Mitchell*, 285 Kan. 1070, 1082-83, 179 P.3d 394 (2008). Still, a defendant's assertion of his or her right to a speedy trial—in a minimalistic or passive manner—may not be

sufficient to show that the defendant has asserted this right. *Rivera*, 277 Kan. at 117-18. In *Rivera*, our Supreme Court concluded that a defendant's assertion of his right to a speedy trial was not entitled to any weight because his minimal attempt to assert this right was offset by two previous escapes from custody and his failure to set the motion with the district court in a timely manner. 277 Kan. at 118.

In analyzing this factor, we find it significant that McClain failed to appear at trial and had previously waived his right to a speedy trial. It was only after his arrest on a bench warrant that he attempted to assert this right. See *Rivera*, 277 Kan. at 118. As a result, we agree with the district court that this factor weighs against McClain since his own actions resulted in some of the delay in bringing this case to trial.

*Prejudice to McClain's case.*

The final factor is the most important because a defendant's ability to adequately prepare his or her defense "skews the fairness of the entire system." *Cherry*, 320 Kan. at 804. Here, McClain does not argue that he was actually prejudiced by the delay in bringing his case to trial. Rather, he argues that prejudice may be presumed considering the length of the delay. But this presumption is different from the initial presumption required to initiate a *Barker* factor analysis. *McDonald*, 62 Kan. App. 2d at 72-73.

The United States Supreme Court has held that prejudice can be presumed where there has been an excessive delay that occurs because of the government's negligence. *Doggett*, 505 U.S. at 656. Essentially, prejudice resulting from a delay in bringing a case to trial is considered to be greater the longer it occurs. *McDonald*, 62 Kan. App. 2d at 73 (citing *Doggett*, 505 U.S. at 656). But if the State exercised reasonable diligence in bringing a case to trial, the defendant must show that they suffered actual prejudice. 62 Kan. App. 2d at 72 (citing 505 U.S. at 656).

Extended delays in bringing a defendant to trial—attributable to the State—are presumptively prejudicial. *McDonald*, 62 Kan. App. 2d at 73; see *United States v. Battis*, 589 F.3d 673, 682-83 (3d Cir. 2009) (delay of thirty-five months attributable to the government). As discussed above, substantial competent evidence supports the district court's determination that the State was not reasonably diligent in pursuing McClain after he failed to appear for trial. As the district court found, the State's actions or inactions—especially after McClain was a witness to an officer involved shooting in October 2022—failed to meet the standard for reasonable diligence. Hence, we find that McClain is not required to show actual prejudice. See *McDonald*, 62 Kan. App. 2d at 72.

Where a defendant relies on the presumption of prejudice to establish the fourth *Barker* factor—and they identify a delay of sufficient duration to be considered presumptively prejudicial—"'this presumption . . . can be mitigated by a showing that the defendant acquiesced in the delay.'" *McDonald*, 62 Kan. App. 2d at 73-74 (quoting *Battis*, 589 F.3d at 682). Likewise, the presumption may be rebutted if the State "'affirmatively proves that the delay left the defendant's ability to defend himself unimpaired.'" 62 Kan. App. 2d at 74 (quoting *Battis*, 589 F.3d at 682).

In the present case, the record reveals that McClain previously agreed to waive his right to a speedy trial on two separate occasions to obtain continuances. Moreover, it is troubling that McClain voluntarily chose not to appear at his original trial date. Yet he ultimately reasserted his right to a speedy trial shortly after he was arrested on a bench warrant.

As the district court explained, the State failed to rebut the testimony concerning McClain's statement to law enforcement officers regarding his Topeka address. Once again, this finding was supported by substantial competent evidence. See *Smith*, 312 Kan. at 887; *Owens*, 310 Kan. at 868. Therefore, we do not find that the district court erred in finding that the fourth—and most significant—*Barker* factor weighs in McClain's favor.

9

CONCLUSION

In summary, we find that the district court's factual findings were supported by substantial competent evidence. Moreover, because we do not reweigh the evidence or assess the credibility of witnesses, we agree that a majority of the *Barker* factors weigh in favor of supporting McClain's motion to dismiss for the violation of his constitutional right to a speedy trial. See *Mendez*, 319 Kan. at 723; *Ford*, 316 Kan. at 560. Accordingly, we affirm the district court's dismissal of the charges in this case.

Affirmed.